SIMMONS, Plaintiff in error, vs. THE STATE, Defendant in error.

*January 11—February 5, 1918.*

*Rape: Resistance: Evidence: Weight and sufficiency: New trial:
Newly discovered evidence.*

1. Although the circumstances of the crime were unusual, the testimony of the prosecutrix, corroborated by the facts that her hymen was ruptured and that the accused attempted to settle the matter, is *held* to sustain a conviction of rape.
2. Where rape is alleged to have been committed upon a girl in her sixteenth year before the age of consent was raised to sixteen,

her youth and her ignorance of the true character of the act are entitled to much weight in determining whether there was a sufficient showing of the utmost resistance.

3. Where alleged newly discovered evidence tended to prove an *alibi* which was but a branch of an *alibi* which defendant had attempted to establish at the trial, and his attorney was aware of such evidence before the close of the trial, a new trial was properly denied.

ERROR to review a judgment of the circuit court for St. Croix county: GEORGE THOMPSON, Circuit Judge. *Affirmed.*

The plaintiff in error (hereinafter called the defendant) was convicted of the crime of rape upon the person of the prosecutrix, a girl of the age of fifteen years and four months. The prosecutrix was employed by the defendant (a veterinary surgeon) three days before the alleged crime was committed to help the defendant's wife with the housework. She had not arrived at the age when menstruation commenced, and she had little information as to sexual matters. She slept on the second floor of the house, in a bedroom next to the bedroom of the defendant and his wife, the doors being open and the gas turned down low. She testified that on the night in question she went to bed at 10 o'clock and the defendant and his wife at about the same time, the doors of the two bedrooms being open and not far apart; that she awoke about 11 o'clock and found the defendant upon her attempting intercourse, and that he succeeded in penetrating her, though she tried to push and fight him off and hollered to defendant's wife several times to make defendant leave her alone; that she didn't know what it meant, but thought it was a dirty action, and for that reason didn't tell her mother the first time she saw her but waited until about a week later; that there were no blood-stains on her garments. It appeared that on examination made by a physician September 21st following, the hymen was found to be ruptured. An offer of settlement was made by the defendant to the prosecutrix and her mother, accompanied, however, by a

denial of any wrong. The defendant was fifty-eight years of age and there was some evidence tending to show that he was not sexually vigorous. The defendant claimed that the evidence was insufficient to establish the fact of penetration, and that even if it were there was not sufficient evidence of resistance on the part of the prosecutrix. There was also evidence tending to show an *alibi* on the night in question, but it appeared before the close of the trial that the witness principally relied on to prove the *alibi* had testified wilfully falsely. A motion for new trial on the ground that justice had not been done, that errors had been committed on the trial, and that new evidence had been discovered, was overruled.

For the plaintiff in error there was a brief by *Varnum & Kirk* of Hudson, and oral argument by *W. R. Kirk.*

For the defendant in error there was a brief by the *Attorney General* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Mr. Messerschmidt.*

WINSLOW, C. J. This judgment must be affirmed. The circumstances surrounding the crime were indeed unusual, as the story is related by the prosecutrix, yet there was corroboration of that story in the fact of the unsuccessful attempt to settle the matter, as well as in the fact of the ruptured hymen. The trial judge, with his superior opportunities of weighing the veracity of the witnesses, has approved the verdict, and we are content to approve his conclusion.

As to the claim that no sufficient resistance or outcry was shown, it is to be remembered that the prosecutrix was not yet a woman, and had no idea apparently what was being done to her further than that it was an indecent act which gave her pain. She had indeed passed the age of fourteen, which is the age of consent as the law stood in July, 1915 (sec. 4382, Stats. 1913), but had the crime been committed two months later no proof of resistance would have been necessary, for by ch. 611, Laws 1915, passed in August of

that year, the age of consent was raised to sixteen years, and it appears that in the great majority of the states the age of consent is fixed at not less than sixteen years and in many at eighteen years.

As to the general question of the amount of resistance required by the law in a case of this nature, this court has very recently said:

"What constitutes the utmost resistance in a particular case must depend largely upon the facts of that case, such as the temperament of the victim, the relations of the parties, her state of health, her physical strength, her age, her experience, her courage, her nervous condition at the time, and perhaps other circumstances naturally affecting her powers of resistance." *B—— v. State,* 166 Wis. 525, 166 N. W. 32.

The youth of the prosecutrix, as well as her ignorance of the true character of the act, are circumstances entitled to much weight in determining what will properly satisfy the requirement of utmost resistance in the present case. In view of those circumstances we are unable to say that there was an insufficient showing of resistance.

The alleged newly discovered evidence tended to prove another *alibi.* Doubtless the trial judge did not feel very kindly disposed toward this claim when it appeared that the main witness brought forward to prove an *alibi* on the trial had changed the dates of certain business transactions on his account book in order to bolster up his testimony; but, however this may be, we think the ruling right on another ground. The new *alibi* was really but a branch of the *alibi* attempted to be established on the trial, and the defendant's attorney was aware of the newly discovered evidence before the close of the trial. He should have made application for time to produce the evidence then and should not have waited until a verdict had been rendered and then sought for a new trial.

*By the Court.*—Judgment affirmed.

Owen, J., took no part.